BERNARD HENRICH, Appellant, *v.* PETER MURRAY, Respondent.

APPEAL by the plaintiff from a judgment in favor of the defendant, rendered by the justice of the District Court in the city of New York for the fifth judicial district, after a trial had without a jury.

The opinion states the nature of the action and the material facts.

*Sproull, Harmer & Sproull*, for appellant.

*Jacob Levy*, for respondent.

GIEGERICH, J. This action was brought to ˙ recover a balance alleged to be due for work, labor and services in taking down the buildings known as Nos. 64–70 Jackson street, in the city of New York. The complaint in writing alleges that between the 3d day of May, 1894, and the 31st day of May, 1894, plaintiff, at the request of defendant, performed certain work, labor and services in taking down the buildings in question ; that the defendant promised and agreed to pay him therefor the sum of $105, and that no part thereof has been paid, except the sum of $50, leaving a balance of $55, for which judgment is demanded. Upon the trial the complaint was amended by adding thereto " materials inside the buildings, except the brick."

The defendant by his answer admitted that he entered into an agreement with the plaintiff wherein and whereby the latter was to render and perform certain work, labor and services, for which he was to receive the sum of $105, and that before the completion of the work required to be done by said contract the defendant paid to the plaintiff on account thereof the sum of $50. For a further and separate answer and counterclaim the defendant alleged that at or about the time referred to in the complaint the parties litigant contracted that the plaintiff should remove the buildings referred to and receive therefor as compensation the sum of $105, together with the building materials used therein, save and except the brick ; that with respect to said brick the plaintiff agreed to remove the same in a careful, clean and workmanlike manner, to clean said brick and to pile the same in front of the premises in question ; that the plaintiff failed to remove the brick in the manner required by said contract, and that by reason of his carelessness and negligence therein the defendant lost 35,000 bricks, and suffered and sustained other damage, aggregating in all the sum of $90.

As to plaintiff's actual negligence in removing the brick, and as to the amount of brick damaged by reason thereof, the testimony was in material conflict, but sufficient evidence appears to support the justice's determination in favor of the defendant, allowing a set off in extinguishment of plaintiff's claim, which was admitted by the failure of the defendant to deny that portion of the plaintiff's complaint.

The defendant, when called as a witness, testified that to his own knowledge about 30,000 bricks were thus lost to him, and, computing their value in accordance with the testimony adduced in that regard, the justice was well authorized to find that the amount of defendant's damage availed as a set off to the claim in suit.

The defendant's exceptions taken to the rulings on the trial are, in our opinion, without merit, and, for the foregoing reasons, we think the judgment should be affirmed, with costs.

BISCHOFF, J., concurs.

Judgment affirmed, with costs.